**IN THE COURT OF APPEALS OF IOWA**

No. 15-0071
Filed August 19, 2015

**IN THE INTEREST OF D.S.,**
     **Minor Child,**

**B.S., Father,**
     Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.

A father appeals the termination of his parental rights.  **AFFIRMED.**

Susan R. Stockdale, Windsor Heights, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Andrea S. Vitzthum, Assistant County Attorney, for appellee.

Nicholas B. Dial of Benzoni Law Office, PLC, Des Moines, for mother.

Congarry Williams of Public Defender's Office, Des Moines, attorney and guardian ad litem for minor child.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**BOWER, J .**

A father[1] appeals the termination of his parental rights claiming the juvenile court should have granted him an additional six months to work toward reunification. We affirm the juvenile court's order.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The juvenile court issued a thorough and well-reasoned order terminating the father's parental rights, and we adopt the findings of fact and conclusions of law in the juvenile court's order as our own.

The juvenile court terminated the father's parental rights pursuant to Iowa Code sections 232.116(1)(d), (h), (i), and (*l*) (2013). On appeal, the father does not challenge the termination under any of these grounds, or present any other claims pursuant to our statutory framework. The father only asks for more time to work toward reunification. He claims he needs the additional time to receive drug treatment, participate in counseling, obtain housing, and find employment. On this issue, the juvenile court noted:

> [The father] acknowledges that he is not able to care for [D.S] at this time. He further admits that he will not be in a position to care for [D.S] until he has completed inpatient treatment and has spent some time at a halfway house. He believes this will take at least four months. [The father] stated that his longest period of sobriety since he began using methamphetamine in his mid-20s has been two or three years. He concedes that his history

---

[1] The mother's parental rights were also terminated and she does not appeal.

regarding substance abuse is "terrible," and that he is currently at "rock-bottom." Nevertheless, he thinks he has a good chance of beating his addictions over time.

[The father] is not currently employed. His housing is unstable. He owns a home in Altoona, but is allowing the mother of his two older children (who are also under this court's CINA jurisdiction) to reside there so that they have a stable place to live. [The father] and [the mother] were residing with the [father]'s aunt, however, she has now moved to assisted living, and [the father] and [the mother] have since been essentially homeless, staying with relatives on a rotating basis.

[D.S.] has never spent the night in the home of either parent. Neither [the mother] nor [the father] has progressed beyond fully supervised visits with the child.

The record shows the father has received services from the Department of Human Services. Over the past year, the father has either not engaged in services or has engaged intermittently. A parent does not have an unlimited amount of time to correct his deficiencies. *In re H.L.B.R.*, 567 N.W.2d 675, 677 (Iowa Ct. App. 1997). A parent's inability to control an addiction, despite efforts at treatment, poses a long-term threat to a child's well-being. *In re R.J.*, 436 N.W.2d 630, 637 (Iowa 1989). Children should not have to wait for a parent to overcome a drug addiction. *In re J.A.D.-F.*, 776 N.W.2d 879, 885 (Iowa Ct. App. 2009).

We affirm the order terminating the father's parental rights without further opinion. *See* Iowa Ct. R. 21.26(1)(a)-(e).

**AFFIRMED.**